UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| **KRISTOPHER JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| **KAISER ALUMINUM WARRICK,** | ) |
| **LLC, and ALCOA USA CORP,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Kristopher Jones ("Jones" or "Plaintiff"), by counsel, brings this action against Defendants, Kaiser Aluminum Warrick, LLC, ("Kaiser"), and Alcoa USA Corp ("Alcoa") (collectively "Defendants") for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* and the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et seq*.

### II. PARTIES

2. Jones is a resident of Warrick County, Indiana who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Kaiser conducts business within the geographical boundaries of the Southern District of Indiana.

4. Alcoa conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117(a); and 29 U.S.C. §2617(a)(2).

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5).

7. Jones is an "employee" as that term is defined by 42 U.S.C §12111(4) and 29 U.S.C. §2611(4).

8. Jones is an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

9. Jones satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on disability. Jones received the required Notice of his Right to Sue and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. **FACTUAL ALLEGATIONS**

11. Plaintiff was hired by Alcoa in or about April 2015 as a Slitter Operator.

12. At all relevant times, Plaintiff met or exceeded Defendants' legitimate performance expectations.

13. In or around July 2018, Plaintiff became ill, which required him to be hospitalized and diagnosed with a disability. This disability substantially limits him in one or more major life activities and requires mental health treatment. Defendant was aware of this disability.

14. After receiving his diagnosis, Plaintiff informed Alcoa of his medical diagnosis. Around this same time, Alcoa shut the Smelter/Pot Room Department down and terminated Plaintiff's employment.

15. In 2019, Plaintiff returned to work for Alcoa and transitioned to their Finishing Department.

16. In July 2020, Plaintiff was hospitalized and had a medical device surgically implanted into his body.

17. Plaintiff utilized short-term disability benefits and medical leave of absences until Plaintiff's doctor released Plaintiff to return to work on January 1, 2021, with restrictions.

18. Plaintiff informed Alcoa that he had been released to return to work and provided his medical documentation to Alcoa, but he was informed that he would have to wait for a position to become available.

19. In or about April 2021, Kaiser acquired the Finishing Department from Alcoa.

20. Throughout 2021, Plaintiff inquired on several occasions with Defendants for when he would be returned to work and provided at least five (5) letters of medical documentation from his doctor, supporting his return to work.

21. In January 2022, Plaintiff's short-term disability benefits, medical insurance, and dental insurance ended. Plaintiff inquired why this occurred, and Defendant insisted that it needed further clarification on Plaintiff's medical restrictions from his doctor.

22. In or about May 2022, Plaintiff was informed that the Defendants did not want him back because he is a liability due to his disability and the medical device that was implanted.

23. There are multiple positions with Defendants that would provide the necessary accommodations for Plaintiff, but Defendants continue to deny reassignment to Plaintiff to accommodate his disability.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

24. Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

25. Defendant violated Jones' rights as protected by the ADA, 42 U.S.C. §12101 *et seq.*, by discriminating against him because of his actual or perceived disability. Defendant subjected him to disparate treatment because of his disability in violation of the ADA.

26. Defendant failed to accommodate Plaintiff's disability by refusing to return to him to work and/or accommodate his disability.

27. Defendants' actions were intentional, willful, and in reckless disregard of Jones' rights as protected by the ADA.

28. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: FMLA INTERFERENCE

29. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. Defendants unlawfully interfered with the exercise of Plaintiff's rights under the FMLA by using his leave as a negative factor in deciding to not bring Plaintiff back to any position in any capacity with Defendants.

31. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the FMLA.

32. Plaintiff has suffered damages as a result of Defendants' unlawful actions.

## COUNT III: FMLA RETALIATION

33. Plaintiff hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint as if the same were set forth at length herein.

34. Defendants unlawfully retaliated against Jones for exercising his rights under the FMLA.

35. Plaintiff suffered an adverse employment action when Defendant continually refuses to place Plaintiff back at work, despite open positions remaining available.

36. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the FMLA.

37. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kristopher Jones, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Jones' employment to the position, salary, and seniority level he would have enjoyed but for Defendants' unlawful actions; and/or payment to Jones of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

4. Liquidated damages for Defendants' violations of the FMLA;

5. Compensatory damages for Defendants' violations of the ADA;

6. Punitive damages for Defendants' violations of the ADA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgement interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Ryan Sullivan*
Ryan Sullivan
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: rsullivan@bdlegal.com
*Counsel for Plaintiff, Kristopher Jones*

**DEMAND FOR JURY TRIAL**

Plaintiff, Kristopher Jones, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Ryan Sullivan*
Ryan Sullivan
144 North Delaware Street Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: rsullivan@bdlegal.com
*Counsel for Plaintiff, Kristopher Jones*